IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

SONIA RUSSELL,

          Plaintiff,

vs.

DOUGLAS A. TULINO, Acting Postmaster General, [1]

          Defendant.

8:23-CV-256

MEMORANDUM AND ORDER

      The plaintiff, Sonia Russell, is a non-prisoner proceeding without payment of fees. The Court now conducts an initial review of the plaintiff's complaint, filing 1, to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2). The Court is required to dismiss a complaint, or any portion of it, that states a frivolous or malicious claim, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

      The plaintiff is a federal postal carrier with the United States Postal Service. She alleges the defendant, her employer, discriminated against her by subjecting her to a hostile work environment on the basis of her race, color, gender, age, and/or disability. Filing 1 at 5. She further alleges that the defendant failed to accommodate her disability, subjected her to unequal conditions of employment, and retaliated against her because of her disability, and/or because of her previous lawsuits. Filing 1 at 5; *see Russell v. Dejoy*, No. 23-2968, 2024 WL 3062238 (8th Cir. June 20, 2024); *Russell v. Dejoy*, No. 8:20-

---

[1] Douglas A. Tulino is now the Acting Postmaster General and will be automatically substituted as a party pursuant to Fed. R. Civ. P. 25(d).

cv-533, 2023 WL 5620729 (D. Neb. Aug. 3, 2023); *Russell v. Dejoy*, No. 8:22-cv-417, 2024 WL 5158866 (D. Neb. Dec. 18, 2024).

The plaintiff filed an individual complaint with her employer pursuant to the relevant Equal Employment Opportunity regulations. *See* 29 C.F.R. § 1614.106. She sought relief under a variety of federal antidiscrimination statutes, including Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.*, the Rehabilitation Act of 1973, 29 U.S.C. § 791, and the Age Discrimination in Employment Act, 29 U.S.C. §§ 621 *et seq. See* filing 1 at 4, 22. The USPS issued its final agency decision and informed the plaintiff of her right to sue on March 3, 2023. Filing 1 at 73; *see* 29 C.F.R. § 1614.110.

Under the EEOC's regulations, a federal employee must file a civil action in federal court within 90 days of receipt of the EEOC's "final decision." § 1614.407(a). The failure to file a suit within 90 days renders a plaintiff's title VII, ADEA, or Rehabilitation Act untimely and subject to dismissal. *See Hallgren v. U.S. Dep't of Energy*, 331 F.3d 588, 589 (8th Cir. 2003). The plaintiff alleges she received the final agency notice on March 10, 2023. This lawsuit was filed on June 9, 2023, 91 days after she received the final agency notice. *See* filing 1 at 1; filing 1 at 77. Her lawsuit is therefore untimely.

The remedy of equitable tolling, which would allow the Court to forgive the plaintiff's one-day delay in filing, is reserved for "circumstances which were truly beyond the control of the plaintiff." *Howard v. Boatmen's Nat. Bank of St. Louis*, 230 F.3d 1363 (8th Cir. 2000) (table op.). This holds true for *pro se* plaintiffs. *See id; cf. Stewart v. Domtar Indus., Inc.*, 228 Fed. App'x 626, 627-28 (8th Cir. 2007). Even though the plaintiff is proceeding *pro se*, she is clearly familiar with the law and cannot claim ignorance. The plaintiff was involved in other lawsuits in this district when the 90-day deadline expired. She even overnighted her complaint *on* the deadline. *See* filing 1 at 77. There is no

2

justification to equitably toll the deadline. *See Hallgren,* 331 F.3d 588, 589 (8th Cir. 2023).

The plaintiff has failed to state a claim upon which relief can be granted. Her complaint is subject to summary dismissal under § 1915(e). Accordingly,

IT IS ORDERED:

1. The Clerk of the Court is directed to substitute Acting Postmaster General Douglas A. Turino as the defendant.

2. The plaintiff's complaint (filing 1) is dismissed without prejudice.

3. A separate judgment will be entered.

Dated this 13th day of May, 2025.

BY THE COURT:

John M. Gerrard
Senior United States District Judge

3