IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| SONIA RUSSELL,<br><br>    Plaintiff,<br><br>vs.<br><br>DOUGLAS A. TURINO, Acting Postmaster General,<br><br>    Defendant. | 8:23-CV-256<br><br>ORDER |

  Final judgment was entered in this employment discrimination case on May 13, 2025. Filing 8. The plaintiff has filed what she styles as an "Objection and Motion to Reconsider" in which she addresses, for the first time, why her complaint wasn't timely filed. Filing 13.

  The plaintiff's motion relies on "Fed. R. Civ. P. 59(e) and/or the Court's Inherent Authority." Filing 13 at 1. Neither of those help. A Rule 59(e) motion "must be filed no later than 28 days after the entry of the judgment," which was over a month ago. Nor is this the sort of interlocutory ruling that the Court has inherent authority to reconsider. *See Ideal Instruments, Inc. v. Rivard Instruments, Inc.*, 434 F. Supp. 2d 640, 646-47 (N.D. Iowa 2006).

  Rather, the "only conceivable jurisdictional basis" for the plaintiff's motion is Fed. R. Civ. P. 60(b). *See Fed. Land Bank of St. Louis v. Cupples Bros.*, 889 F.2d 764, 766 (8th Cir. 1989); *see also Sanders v. Clemco Indus.*, 862 F.2d 161, 168 (8th Cir. 1988) ("motion to reconsider" is construed as arising under either Rule 59(e) or Rule 60(b)). The best fit is Rule 60(b)(1): "mistake, inadvertence, surprise, or excusable neglect."[1] A "mistake" for purposes of Rule

---

[1] Rule 60(b)(6), "any other reason that justifies relief," requires "'extraordinary circumstances' justifying relief," *BLOM Bank SAL v. Honickman*, 145 S. Ct. 1612, 1621

60(b)(1) can include a factual or legal error made by the Court. *Kemp*, 596 U.S. at 534-37. And the plaintiff suggests that the Court erred, both by not giving her notice of the statute of limitations problem and in finding that equitable tolling didn't apply. *See* filing 13; *see also* filing 7 at 2-3.

But it's well-settled that a district court may dismiss an *in forma pauperis* complaint under 28 U.S.C. § 1915(e) when it's apparent that the statute of limitations has run. *See Myers v. Vogal*, 960 F.2d 750 (8th Cir. 1992). And the plaintiff's argument depends on the underlying merit of her equitable tolling claim. *See Stoling v. Arkadelphia Human Dev. Ctr.*, 81 F. App'x 83, 84 (8th Cir. 2003). Her claim is unpersuasive.

As the Court previously explained, equitable tolling is reserved for circumstances which were truly beyond the plaintiff's control. Filing 7 at 2. It requires a litigant to show she has been pursuing her rights diligently and some extraordinary circumstance stood in her way. *Capiz-Fabian v. Barr*, 933 F.3d 1015, 1018 (8th Cir. 2019). It is not available to those who sleep on their rights. *Id*. And if the delay in filing was caused by the plaintiff's failures, it was not beyond her control and hence not extraordinary. *See id*.

> For instance, the Supreme Court has indicated that equitable tolling might be appropriate when a claimant has received inadequate notice, when a motion for appointment of counsel was pending, when the court has led the plaintiff to believe that [she] had done everything required of [her], or when affirmative misconduct on the part of the defendant has lulled [her] into inaction.

---

(2025), and "is available only when Rules 60(b)(1) through (b)(5) are inapplicable," *Kemp v. United States*, 596 U.S. 528, 533 (2022). Rule 60(b)(1) isn't *satisfied* here, but it is *applicable*.

- 2 -

*Hallgren v. U.S. Dept. of Energy*, 331 F.3d 588, 590 (8th Cir. 2003) (citing *Baldwin Cnty. Welcome Ctr. v. Brown* 466 U.S. 147 (1984)).

Here, the plaintiff avers that she "attempted to timely file [her] complaint on June 8, 2023 by overnight delivery at a USPS facility. Due to postal processing cut-off times, the postage date rolled over to June 9, 2023." Filing 14 at 1. But that's not excusing her failure to file on time—it's just describing it. The last day for her to file her complaint *was* June 8, 2023. *See* filing 7 at 2. Trying to send it by overnight delivery *on* the due date runs squarely into the word "overnight."

Nor was it "beyond the control of the plaintiff" to wait until the last day to file her complaint, assuming the risk that something might go wrong. *See Jackson v. Hennepin Healthcare Sys., Inc.*, 134 F.4th 1262, 1264 (8th Cir. 2025) (citing *Hallgren*, 331 F.3d at 590); *Brinkman v. Nasseff Mech. Contractors Inc.*, 251 F. Supp. 3d 1266, 1275 (D. Minn. 2017). Equitable tolling does not protect a party who omits ordinary precautions. *Luckett v. Rent-A-Ctr., Inc.*, 53 F.3d 871, 873 (7th Cir. 1995). "Parties who wait until the last day of a statute-of-limitations period to file a complaint have only themselves to blame when Murphy's law comes knocking." *Brinkman*, 251 F. Supp. 3d at 1275 (quotation omitted). Nor is it explained why delivery by mail to the Omaha courthouse was necessary, given that the plaintiff doesn't live far from the courthouse and mailed her envelope from an Omaha post office (probably her duty station, which is even closer). *See* filing 1 at 1, 77.

The plaintiff also avers that she "relied on the statement of a clerk of the court who informed [her] that a postmark on the 90th day would be considered timely." Filing 14 at 1. But she doesn't identify the employee or even the court. Alleged reliance on an unidentified person in an unidentified clerk's office is not enough to warrant equitable tolling. *See Davis v. Browner*, 113 F. Supp. 2d 1223, 1228 n.5 (N.D. Ill. 2000) (citing *U.S. v. Heller*, 957 F.2d 26, 31 (1st Cir.

1992) (because the clerk's office is not "the Court," reliance on the advice of court employees cannot trigger the [unique circumstances] doctrine [permitting an untimely appeal], whether or not appellant is *pro se*)). And even were the Court to reluctantly credit the plaintiff's assertion,[2] the plaintiff doesn't say when that supposed conversation occurred, so she hasn't demonstrated that her untimely filing resulted from it.

In sum, the plaintiff has identified no circumstances beyond her control that prevented her from filing a timely complaint. Accordingly,

IT IS ORDERED:

1. The plaintiff's motion to reconsider (filing 13) is denied.

2. The plaintiff may proceed on appeal *in forma pauperis* pursuant to Fed. R. App. P. 24(a)(3).

3. The Clerk of the Court is directed to process the plaintiff's notice of appeal to the Eighth Circuit.

Dated this 22nd day of July, 2025.

BY THE COURT:

John M. Gerrard
Senior United States District Judge

---

[2] The employees of this Court's Clerk's Office are all thoroughly aware of their obligation, pursuant to 28 U.S.C. § 955, to refrain from giving any legal advice.